ON MOTION FOR REHEARING

CONNER, J.
We grant the state’s motion for rehearing and deny its motion for rehearing en banc. We substitute the following for the slip opinion issued on December 5, 2012.
Willie Hunter appeals an order summarily denying his rule 3.850 motion for post-conviction relief. We affirm, but write to address point six of Hunter’s mul-ti-point motion where he argues that counsel was ineffective in failing to challenge his conviction of armed burglary of a dwelling with a dangerous weapon “as charged” in the information. The information specified that the deadly weapon involved in each charge was a firearm and alleged that Hunter actually possessed the firearm. However, on a special interrogatory submitted for purposes of the 10-20-Life law, see section 775.087, Florida Statutes, the jury found that Hunter did not actually possess a firearm.
Counsel was not ineffective. In point three of his motion for new trial, counsel argued that the jury’s finding that Hunter was guilty of armed burglary of a dwelling with a dangerous weapon “as charged” but that Hunter did not actually possess a firearm were inconsistent. Although Hunter states in his motion for post-conviction relief that he is “not arguing inconsistent verdicts,” we find no material difference between the argument raised in the motion for new trial and the claim raised in point six of Hunter’s motion for post-conviction relief.[1] •

Affirmed.

POLEN and TAYLOR, JJ., concur.
TAYLOR, J., did not serve on the original panel, but she has had the opportunity to review the entire case.

. We note that Hunter has not alleged counsel failed to timely object to the inconsistency of the verdicts.